14-8-ag
Li v. Lynch

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT: RALPH K. WINTER,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
JUAN LI,
     <u>Petitioner</u>,

     -v.-                               14-8-ag

LORETTA E. LYNCH, United States Attorney General,[*]
     <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:         Lewis G. Hu, New York, New York.

---

[*]    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**                    Stuart F. Delery, Linda S.
                                      Wernery, and Theodore C. Hirt,
                                      Office of Immigration
                                      Litigation, U.S. Department of
                                      Justice, Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition is **DENIED**.

Petitioner Juan Li, a native and citizen of the People's Republic of China, petitions for review of a December 12, 2013 decision of the Board of Immigration Appeals ("BIA") affirming a February 27, 2012 decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To be eligible for asylum, an applicant must show past persecution or a "a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(42), 1158(b). The applicant bears the burden of proving eligibility; and under the REAL ID Act of 2005,[1] an applicant may be found not credible based on "inconsistencies and omissions that are 'collateral or ancillary' to [the] applicant's claims." Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008); see 8 U.S.C. § 1158(b)(1)(B)(iii).

An applicant is entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) if she shows that her "life or freedom would be threatened in [the] country [to which she would be removed] because of [her] race, religion, nationality, membership in a particular social group, or political opinion." Where an asylum claim and a withholding claim are "based on the very fact, or set of facts, that the IJ found not to be credible," the adverse credibility

---

[1]     The Real ID Act applies to cases (such as this) filed after May 11, 2005.

finding may be the basis for denying both claims.  <u>Paul v. Gonzales</u>, 444 F.3d 148, 156 (2d Cir. 2006).[2]

The IJ found that Li's account of persecution was not credible, and the BIA affirmed in substantial part.  Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision.  <u>See</u> <u>Xue Hong Yang v. U.S. Dep't of Justice</u>, 426 F.3d 520, 522 (2d Cir. 2005).  We review the IJ's findings of fact for substantial evidence, 8 U.S.C. § 1252(b)(4)(B), and we defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling," <u>Xiu Xia Lin</u>, 534 F.3d at 167.

The evidence on which the IJ rested the adverse credibility determination is thin, but sufficient in view of the deference we must accord it.  We cannot conclude that "from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling," <u>id.</u>  Accordingly, and finding no merit in Li's other arguments, the petition for review is **DENIED**. As we have completed our review, Li's pending motion for a stay of removal is **DISMISSED** as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] We decline to address Li's CAT claim because it was not administratively exhausted.  Li did not meaningfully address the claim in her BIA appeal.  <u>See</u> <u>Zhang v. Gonzales</u>, 426 F.3d 540, 541 n.1 (2d Cir. 2005).  Sp. A. 2.